DUNLOP BROS. & HAGUE & CO., *v.* UNITED STATES (No. 890).[1]

**LACHES.**

The appellants' contentions are not passed on for the reason that the application, made on March 25, 1912, for the vacation of a decision, August 12, 1911, was so long delayed after the publication of that decision as to amount to laches.

United States Court of Customs Appeals, May 23, 1913.

APPEAL from Board of United States General Appraisers, Abstract 26335 (T. D. 31813).

[Dismissed.]

*McLaughlin, Russell, Coe & Sprague* for appellants.

*William L. Wemple,* · Assistant Attorney General (*William A. Robertson,* special attorney, of counsel; *William K. Payne,* Deputy Assistant Attorney General, on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MARTIN, Judge, delivered the opinion of the court:

The importation involved in this case was entered under the tariff act of 1909, and consists of certain silk netting, together with the cardboard cartons which served as the containers thereof.

The collector classified the goods in question as silk netting made on the Lever or Gothrough machine, dutiable at 70 per cent ad valorem, under the provisions of paragraph 350 of the act, holding also that the carton coverings were the usual containers of the merchandise, and that under subsection 18 of section 28 of the act,

---

[1] Reported in T. D. 33475 (24 Treas. Dec., 849).

the value of the cartons should be added to the value of the netting in order to ascertain the dutiable valuation of the importation. Duty was thereupon assessed by the collector in accordance with these rulings.

The importers protested against this assessment, claiming among other things that the netting in question was properly dutiable at .60 per cent ad valorem under paragraph 402 of the act, and furthermore claiming that the cartons should either be free or dutiable at certain specific rates alternatively set out in the protest.

The protest came on to be heard on March 3, 1911, before Board 2 of the Board of General Appraisers, when the issue was formally submitted.

Subsequently, on May 15, 1911, by consent, the case was duly suspended to await a decision in suit No. 267, then pending in this court, wherein the dutiable status of similar cartons was involved. Suit 267, however, did not relate in any manner to the assessment of similar netting, but involved only the dutiable status of like carton coverings.

On May 22, 1911, suit No. 267, above referred to, was decided by this court, sustaining upon principle the action of the collector in adding the value of the cartons to that of their contents in ascertaining the dutiable valuation of the importation. Spielman v. United States (2 Ct. Cust. Appls., 61; T. D. 31626). Board 2 never thereafter promulgated any decision in the case; but subsequently, on August 12, 1911, Board 3 announced a decision, overruling the protest. This decision of Board 3 was rested expressly upon the authority of the Spielman case, being the carton case, without mention of the question concerning the rate assessed upon the silk netting itself.

The decision was published on August 12, 1911, in connection with other decisions, as Abstract 26335 (T. D. 31813), with the statement, "protests overruled for want of merit." Thereafter, on March 25, 1912, the importers filed with Board 3 an application that the decision of that board above mentioned should be set aside and the case be again placed upon the docket. This motion was dated January 25, 1912, but according to the record it was not filed until March 25, 1912, and on that day it was denied by Board 3. Thereupon, on April 12, 1912, the importers presented an application before Board 2 praying that board to resume consideration of the case, upon the theory that the decision of Board 3 was absolutely null and void and that lawfully the case was yet pending before Board 2. This application was denied by Board 2. Thereupon the importers appealed to this court from the decision of Board 3 made on March 25, 1912, wherein that board refused to set aside its decision of August 12, 1911.

In support of their appeal the importers claim first that the decision entered by Board 3 on August 12, 1911, was absolutely null and void for want of jurisdiction. In that behalf they claim that the issue had already been submitted to Board 2, which board had thereby acquired exclusive jurisdiction of the case; that this jurisdiction of Board 2 was in no wise affected by the order of suspension; and that Board 3 was without authority to recall the case from the suspended files or to enter final judgment thereon.

The importers furthermore claim that the decision of Board 3 was inadvertently and erroneously made under the mistaken impression that the question concerning the cartons was the only issue presented in the case, thus overlooking the primary question concerning the assessment of the silk netting itself. In support of this claim the importers refer to the opinion of the board contained in the record, wherein no mention is made of the netting, and also cite Abstract 24701 (T. D. 31255), decided on January 25, 1911, wherein the board decided a similar question relating to such netting favorably to the contention in that behalf made by the importers in the present case.

The importers also claim that under Rule XIV of the board they were entitled to due notice of hearing before the case could be taken from the suspended files and finally decided upon its merits. They claim that such notice was not given to them before Board 3 entered its decision of August 12, 1911, and that this decision was therefore irregular and erroneous, even if Board 3 might lawfully assume jurisdiction in the premises.

Upon these contentions the importers maintain that Board 3 should have sustained their application of March 25, 1912, and should have set aside the decision which was entered by that board on August 12, 1911. The appeal which is now before this court was taken from the order of Board 3 made on March 25, 1912, denying the application of the importers for a vacation of the decision of August 12, 1911. However, a consideration of the foregoing facts leads the court to the conclusion that the application of March 25, 1912, for a vacation of the decision of August 12, 1911, was so long delayed after the publication of that decision as to amount to laches, whatever view may be taken concerning the propriety of the decision itself.

The record discloses that Board 3 published its decision on August 12, 1911, and that the application for a vacation thereof was not filed until March 25, 1912, which was more than seven months later.

In any view of the subject it was the duty of appellants to act with due diligence in the prosecution of their case, and an unexplained delay of seven months was not a reasonable compliance with that requirement.

Therefore, without passing in any way upon the questions argued by counsel relative to the alleged right of the importers to proceed before Board 2, or relative to the authority of Board 3 to grant a rehearing of the case upon a motion filed by the importers more than 30 days after the date of the board's decision upon the ground of laches alone the court is constrained to dismiss the present appeal.

*Dismissed.*