## BLUMENTHAL & CO. *v.* UNITED STATES (No. 2709)[1]

SILK OR COTTON ARTIFICIAL FLOWERS, FRUITS, AND LEAVES.
·   The provision of paragraph 1430, Tariff Act of 1922, for "Laces  *  *  * trimmings  *  *  *  ornaments  *  *  *  finished or unfinished  *  *  * by whatever name known and to whatever use applied and whether or not named, described, or provided for elsewhere in this Act, when composed wholly or in chief value of yarns, threads, filaments  *  *  *" claims for duty clusters, sprays, and wreaths of artificial flowers, fruits, and leaves, made of cotton or silk yarns, threads, and filaments, chiefly used as trimmings and ornaments for hats, corsages, fur pieces, and coats, notwithstanding the *eo nomine* provisions for them in paragraph 1419.   This is true whether they be regarded as "artificial or ornamental fruits,  *  *  *  leaves, flowers" or as manufactures of such, within paragraph 1419.   That they are sometimes used for the decoration of churches, stores, baskets, and boxes does not alter the conclusion reached; nor does the fact that they are frequently broken up and used in different combinations or in conjunction with other articles to make millinery ornaments.

### United States Court of Customs Appeals, April 17, 1926

APPEAL from Board of United States General Appraisers, G. A. 9062, T. D. 41228

[Affirmed.]

*Brooks & Brooks* (*Frederick W. Brooks, jr.*, of counsel), for appellants.
*Charles D. Lawrence*, Assistant Attorney General (*Oscar Igstaedter* and *John A. Kemp*, special attorneys, of counsel), for the United States.

---

[1] T. D. 41531.

[Oral argument March 17, 1926, by Mr. Brooks, jr., and Mr. Igstaedter]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

SMITH, Judge, delivered the opinion of the court:

Clusters, sprays, and wreaths of artificial flowers, fruits, and leaves, made of silk or cotton yarns, threads, and filaments, imported at the port of New York, were classified by the collector as trimmings or ornaments, and assessed for duty at 90 per centum ad valorem, under that part of paragraph 1430 of the Tariff Act of 1922 which reads as follows:

PAR. 1430. Laces * * * trimmings * * * ornaments * * * all the foregoing, finished or unfinished, * * * by whatever name known and to whatever use applied and whether or not named, described, or provided for elsewhere in this Act, when composed wholly or in chief value of yarns, threads, filaments, * * * 90 per centum ad valorem. * * *

The importers protested that the goods were artificial leaves, flowers, or fruits, and that the importation was, therefore, dutiable at 60 per centum ad valorem under that part of paragraph 1419 which reads as follows:

PAR. 1419. Feathers * * * artificial or ornamental fruits, * * * leaves, flowers, and stems or parts thereof, of whatever material composed, not specially provided for, 60 per centum ad valorem; * * * boas, boutonnieres, wreaths, and all articles not specially provided for, composed wholly or in chief value of any of the * * * flowers, leaves, or other material herein mentioned, 60 per centum ad valorem. * * *

The Board of General Appraisers overruled the protest and the importers appealed.

In this case the testimony and exhibits in evidence establish without contradiction that the goods are clusters, sprays, and wreaths of artificial flowers and leaves bound together with cord, wire, or crude vegetable fiber, and composed in chief value of textile yarns, threads, or filaments; that Exhibits 1, 2, and 3 are wreaths made from artificial flowers and leaves, and that Exhibit 4 is a boutonniere of small artificial flowers and leaves; that all of the merchandise was generally and uniformly known and designated in the trade as artificial flowers, but not as trimmings or ornaments.

Milton M. Blumenthal, a member of the firm of F. Blumenthal & Co. and a witness for the importers, testified that Exhibits 5 and 19 represented an arrangement of white roses, white rose buds, and leaves, used for trimming hats, or as ornaments for fur pieces or coats; that, with the exception of Exhibits 1, 2, 3, and 4, all of the clusters, sprays, and wreaths of artificial flowers were *generally* used as *material* for making trimmings or ornaments for hats; that all of the exhibits, *in their condition as imported,* were sometimes used as ornaments or trimmings for hats, or as boutonnieres for corsages, or

as ornaments for ladies' coats; that the exhibits *generally* used as *material* for the making of trimmings or ornaments, were branched to make them attractive to the eye, and that branching was the making of a *unit* or *distinctive* article; that branched artificial flowers or leaves were symmetrically arranged to make them more inviting to the buyer, and that branching was done by a separate class of people known as branchers.

Robert W. Gibson, a witness for the importers, corroborated Blumenthal, and testified in effect that, if style permitted, all the exhibits could be used as trimmings. Gibson was positive that goods such as those here involved were sometimes sold without alteration and just as imported.

Harry Meyers, a manufacturer of trimmed hats and a witness for the importers, testified that Exhibits 1, 2, 3, 5, 6, 15, and 19 were used by his firm to trim hats, and that Exhibit 4 would be occasionally used for that purpose.

Leo L. Simon, a manufacturer of artificial flowers, testified for the importers that all of the merchandise, with the exception of Exhibits 1, 2, 3, 4, 5, 15, and 19, was used as material for the making of other articles. *He testified that all of the goods could be used in their imported condition as hat trimmings if the style demanded it,* and that he recognized them as millinery trimmings.

There was uncontradicted testimony on behalf of the importers to the effect that wares such as those imported were used for the adornment of churches, for the decoration of windows of department stores, and for the making of ornamental baskets and boxes.

On behalf of the Government, Alexander M. Lumley, a manufacturer of ladies' hats, testified that all of the exhibits in the case, with the exception of Exhibits 5 and 23, were used by his house to trim hats; that, for 15 years prior to 1918, he used thousands of bunches like Exhibit 12 to trim children's hats; that Exhibit 4 was sometimes rearranged, although generally used without alteration and as imported.

Charles Riegelman, a manufacturer and importer of artificial flowers, testified for the Government that the merchandise in issue was used for trimming hats; that it was sometimes used without change and sometimes in conjunction with other flowers or leaves; that goods like the exhibits were sometimes used as they were and sometimes broken up and used as a material.

Jacob D. Young, a Government witness and a manufacturer of artificial flowers, testified that goods similar to the exhibits and not altered in any way, had been used by his firm at one time or another for the trimming of hats.

There is no evidence in the record which would justify us in reaching the conclusion that the goods imported are chiefly used as orna-

ments for baskets or boxes or for the decoration of department store windows and churches.

The weight of the evidence does establish that all of the exhibits with the exception of Exhibits 1, 2, 3, 4, 5, 19, and probably 6, are generally broken up and rearranged, but it also unquestionably establishes that all of the goods as they crossed the customs line are available for use, and are actually used, as trimmings and ornaments for hats, corsages, fur pieces, and ladies' coats. In other words, the articles are not mere materials for making trimmings or ornaments, but are in fact, as imported, suitable for use, and used, as either trimmings or ornaments. In *their imported condition* the goods must therefore be regarded as trimmings or ornaments, and the only real question presented is whether they are dutiable as artificial flowers and leaves under paragraph 1419 or as trimmings or ornaments made of yarns, threads, or filaments, under paragraph 1430.

The goods are either artificial flowers and leaves, or manufactures of artificial flowers and leaves. If they be artificial flowers or leaves, they are provided for *eo nomine* in paragraph 1419. Consequently, if relative specificity could be held to be determinative of the competition between the two paragraphs here involved, there would be no legal alternative left except to subject the merchandise to the duty of 60 per centum ad valorem as prescribed by paragraph 1419. The rule that an *eo nomine* designation must be preferred where goods are within the terms of two or more paragraphs carrying different rates of duty can not, however, be applied in this case without ignoring the manifest intention of Congress clearly and unmistakably expressed in paragraph 1430. That paragraph provides that trimmings and ornaments *by whatever name known and to whatever use applied whether or not named, described or provided for elsewhere in the act, shall be subjected to a duty of 90 per centum ad valorem.* By that language Congress left no doubt as to its intention, and, consequently, rules of construction or interpretation can not be invoked to give to the statute a meaning other than that which its terms clearly and plainly import.

If the importation be artificial flowers, they are at the very least ornaments made of textile threads, yarns, or filaments, and, as they are actually used as ornaments, they are subject to the operation of paragraph 1430, which in terms provides that no duty other than that therein prescribed shall be imposed upon them. If the goods be manufactures of flowers and leaves, they are manufactures specially provided for in paragraph 1430 as trimmings or ornaments, and are excluded from that provision of paragraph 1419, which reads "articles *not specially provided* for, composed wholly or in chief value of any

of the feathers, flowers, leaves, or other material herein mentioned."
(Italics ours.)

As Congress has seen fit to direct in unmistakable terms that the
duty imposed by paragraph 1430 shall be imposed on all trimmings
and ornaments made of textile threads, yarns, or filaments, regardless
of any other provisions of the act, we must yield to the legislative
will so plainly expressed and hold that the importations are dutiable
as assessed, notwithstanding their enumeration in paragraph 1419.

The judgment of the Board of General Appraisers is, therefore,
*affirmed.*