RAPHAEL WEILL & CO. *v.* UNITED STATES (No. 3606)[1]

[1] T. D. 46479.

United States Court of Customs and Patent Appeals, May 22, 1933

*Lawrence & Baldwin (Frank L. Lawrence* of counsel) for appellant.
*Charles D. Lawrence,* Assistant Attorney General (*Ralph Folks* and *William Whynman,* special attorneys, of counsel), for the United States.

[Oral argument April 7, 1933, by Mr. Baldwin and Mr. Whynman]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

LENROOT, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court dismissing the protest of appellant. The protest in question covered a shipment of artificial flowers, imported at the port of San Francisco on March 29, 1924. Duty was assessed upon the merchandise at the rate of 90 per centum ad valorem under the provisions of paragraph 1430 of the Tariff Act of 1922 for "trimmings" and "ornaments." The protest claimed classification of the merchandise at 60 per centum ad valorem under paragraph 1419 of said tariff act as "artificial flowers." At the hearing before the court below it was stipulated that the merchandise here involved was the same as that involved in the case of *Robinson-Goodman Co. (Inc.)* v. *United States,* 17 C. C. P. A. (Customs) 149, T. D. 43473, which was decided on June 20, 1929.

However, the protest was dismissed because its prosecution was waived or abandoned by appellant in 1926.

It appears that the protest of appellant, signed by Frank L. Lawrence, attorney, was filed with the collector at San Francisco on December 6, 1924. Sixty days thereafter, the collector having taken no action with respect to the protest, the United States Customs Court acquired jurisdiction of the suit. The entry, with the accompanying papers, should thereupon have been transmitted to the Customs Court under the provisions of section 515 of the Tariff Act of 1922, but it appears that this was not done and the protest and all the papers in the suit remained in the physical possession of the collector until September 29, 1931, when they were transmitted to the Customs Court.

On the face of the protest there appears the following notation: "Waived. 6–25–26. F. L. L., Atty." At the trial of the case in

the court below Mr. Frank L. Lawrence, the attorney of record, testified that the letters "F. L. L." were his own initials, and that said figures "6–25–26" meant June 25, 1926.

The facts with respect to the making of said waiver are set forth in a letter from Mr. Frank L. Lawrence to the Commissioner of Customs, dated April 8, 1931, a copy of which letter was offered and received in evidence, and in the testimony of said Frank L. Lawrence. It appears that the general issue as to classification of artificial flowers was litigated in another case in New York, and that an appeal to this court was decided adversely to the importers in the case of *Blumenthal & Co.* v. *United States*, 14 Ct. Cust. Appls. 17, T. D. 41531; that said decision was rendered in April, 1926; that upon receipt of information that said decision had been rendered he, the said Lawrence, inquired of a prominent firm of customs attorneys in New York as to whether the issue was closed and they informed him that it was, and that like information was subsequently given him by one of the Government attorneys attending a session of the Customs Court in San Francisco; that some time later it was suggested by the protest clerk in the office of the collector at San Francisco that it would be a convenience to the collector's office to have pending protests respecting artificial flowers marked "abandoned" so as to avoid the clerical difficulties involved in forwarding them to the court for decision; that accordingly, on June 25, 1926, he, the said Lawrence, as appellant's attorney, relying upon his information that the issue as to said artificial flowers was closed, indorsed the word "waived" upon the protest in the case at bar, and that similar action was taken by him as to other protests upon the same subject; that said protests were not then forwarded to the Customs Court, but continued to be held in the files of the customshouse; that later it turned out that the information said Lawrence received was incorrect for the issue was taken up by other attorneys and in June, 1929, in the case of *Robinson-Goodman Co.* v. *United States, supra,* this court rendered a decision favorable to the importers as to the dutiable classification of artificial flowers; that nothing was done by said Lawrence as appellant's counsel toward setting aside the waiver upon the protest in the case at bar until April 8, 1931, when application was made in said letter to the Commissioner of Customs to have the waiver in this and other like cases disregarded; that appellant's counsel was encouraged to take this action by the fact that on February 9, 1931, the Customs Court granted a rehearing upon a certain San Francisco protest, not relating to artificial flowers, which protest had been abandoned by protestant's broker and overruled by the Customs Court; said rehearing being granted upon a showing that the abandonment of the protest had been improvidently entered.

As hereinbefore stated, the protest in the case at bar was transmitted to the Customs Court on September 29, 1931.

The lower court in its decision, among other things, said:

As heretofore stated, this suit was filed on December 6, 1924. Under the law, 60 days thereafter jurisdiction of the case vested in the United States Customs Court, the collector not having acted in the interim, and this regardless of whether or not the collector had complied with the law and transmitted the papers to this court. Plaintiffs' attorney abandoned or waived the protest on June 25, 1926, long after jurisdiction thereto had vested in this court. Had the collector complied with the law he would have forwarded the protest to this court immediately upon the expiration of the 60 days, and the case would undoubtedly have been dismissed by this court long prior to the time when counsel realized that he had a meritorious case, if he had not waived or abandoned it.

The court also stated:

When the final decision was rendered in the *Blumenthal* case, *supra*, counsel for the plaintiffs herein had one of two courses of action which he might pursue. One was to place this case on the docket and produce such evidence at the trial as he was able to do in support of his claim. The other course was to waive or abandon the protest. Counsel in this case chose the latter course and at a time when all the decisions on this question were adverse to plaintiffs' claim. There is not even a hint in the record before us that counsel in waiving this protest committed a clerical error; in fact, the whole record clearly shows that he waived his protest because he felt there was no merit in the same.

The undisputed facts are that two years after filing the protest appellant waived or abandoned it; that because of such waiver the protest remained in the office of the collector of customs for more than five years, when presumably, had not such waiver been made, it would have been transmitted to the Customs Court in 1926, and would have been disposed of by that court prior to the time when appellant's counsel realized that he had a meritorious case, if he had not waived or abandoned his protest. Furthermore, appellant took no action to be relieved from such waiver for a period of nearly two years after the decision of this court in said *Robinson-Goodman Co.* case, *supra*.

In view of these facts we have no hesitancy in holding that the lower court did not err in dismissing appellant's protest. Whether the lower court, in the exercise of its discretion, might have disregarded appellant's waiver upon the showing made in that behalf, we need not determine, but we are clear that appellant did not have a legal right to have the waiver of the protest disregarded and we are equally clear that there was no abuse of discretion by the lower court in dismissing the protest.

In the case of *Dunlop Bros. & Hague & Co.* v. *United States*, 4 Ct. Cust. Appls. 231, T. D. 33475, it is stated:

In any view of the subject it was the duty of appellants to act with due diligence in the prosecution of their case, and an unexplained delay of seven months was not a reasonable compliance with that requirement.

Therefore, without passing in any way upon the questions argued by counsel relative to the alleged right of the importers to proceed before Board 2, or relative to the authority of Board 3 to grant a rehearing of the case upon a motion filed by the importers more than 30 days after the date of the board's decision upon the ground of laches alone the court is constrained to dismiss the present appeal.

In the case of *United States* v. *Chas. J. Webb Sons Co. (Inc.)*, 16 Ct. Cust. Appls. 156, T. D. 42790, we also applied the doctrine of laches and said:

* * * The principle of law is well settled that neglect, for an unreasonable or unexplained length of time, under circumstances permitting diligence, to do what in law should have been done charges the one so acting with laches and implies a waiver of such legal rights as have been so neglected. See Corpus Juris 21, p. 210, and cases cited.

It is well established that an action may be dismissed by a court for failure of the plaintiff to prosecute it with due diligence. Corpus Juris 18, page 1191, and cases cited.

In conclusion, we think it proper to observe that while appellant's counsel has presented insufficient grounds for the setting aside of the waiver made by him, we find nothing in the record to indicate that he was negligent in the performance of his duty to his client in the making of said waiver.

The decision of the United States Customs Court is *affirmed*.