(C.D. 2957)

DECOR INTERNATIONAL, INC. v. UNITED STATES

United States Customs Court, Second Division

(Decided April 11, 1967)

*Springer, Goldberg, Hyman, Fallon & Levenson* (*Paul Levenson* of counsel) for the plaintiff.

*Barefoot Sanders*, Assistant Attorney General (*Arthur H. Steinberg* and *Steven R. Sosnov*, trial attorneys), for the defendant.

Before RAO and FORD, Judges

FORD, Judge: The merchandise before us consists of wool rugs, some fringed and some without fringe, imported from Sardinia, Italy. Upon entry at the port of Boston, Mass., the fringed rugs were classified as articles in part of fringe (woolen rugs) and assessed with duty at the rate of 42½ per centum ad valorem under paragraph 1529(a) of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108. The rugs without fringe were classified as floor coverings, wholly or in chief value of wool, not specially

provided for, under paragraph 1117(c), Tariff Act of 1930, as modified by the Protocol of Terms of Accession by Japan to the General Agreement on Tariffs and Trade, 90 Treas. Dec. 234, T.D. 53865, and made effective by 90 Treas. Dec. 280, T.D. 53877, and duty was imposed thereon at the rate of 30 per centum ad valorem.

It is contended by plaintiff that said merchandise should have been classified under paragraph 1116(a), Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T.D. 51802, covering Oriental, Axminster, Savonnerie, Aubusson, and other carpets, rugs, and mats, not made on a power-driven loom, and assessed at the rate of 22½ per centum ad valorem.

The competing provisions of the tariff act, as modified, are here set forth.

Paragraph 1529(a), Tariff Act of 1930, as amended by Customs Administrative Act of 1938, 74 Treas. Dec. 17, T.D. 49646—

* * * fringes * * * all the foregoing, and fabrics and articles wholly or in part thereof, finished or unfinished (except materials and articles provided for in paragraph * * * 1116(a) * * *) * * * by whatever name known, and to whatever use applied * * *.

Paragraph 1529(a), Tariff Act of 1930, as modified by T.D. 54108, *supra*—

* * * fringes * * * all the foregoing provided for in subdivision [2] of paragraph 1529(a) _____ 42½% ad val.

Paragraph 1117(c), Tariff Act of 1930, as modified by T.D. 53865 and T.D. 53877, *supra*—

Floor coverings, including mats and druggets, wholly or in chief value of wool, not specially provided for, valued at more than 40 cents per square foot _____ 30% ad val.

Paragraph 1116(a), Tariff Act of 1930, as modified by T.D. 51802, *supra*—

Oriental, Axminster, Savonnerie, Aubusson, and other carpets, rugs, and mats, not made on a power-driven loom, plain or figured, whether woven as separate carpets, rugs, or mats, or in rolls of any width _____ 15¢ per sq. ft., but not less than 22½% ad val.

At the time of trial, protest 64/2886 was the sole protest before the court, protest 64/2888 having been dismissed for failure to prosecute. A subsequent motion was made to set aside the dismissal therein, and an order for consolidation and resubmission of the cases was granted.

The evidence in this case consists of testimony of one witness called on behalf of plaintiff, one witness called on behalf of defendant, as

well as three exhibits introduced by the plaintiff. At the trial, it was orally stipulated that exhibit 2 is representative of the fringed rugs in the shipment involved herein and also representative of the unfringed rugs involved in the shipment except that the latter would not have any fringe.

Plaintiff's witness, Emanuel Balkin, testified that he is president and general manager of Decor International, Inc., the ultimate consignee herein, whose business is importing rugs.

The witness stated that the articles involved are pileless, handwoven rugs, generally called Kalim rugs. They are made by the women in villages in Sardinia on hand looms, some of which are over 100 years old. Mr. Balkin testified that these flat weave Sardinian rugs are not commonly seen in the United States, and, as far as he knows, he is the sole importer of such rugs in this country for commercial use.

The undisputed testimony shows that the flat, pileless rug in issue is made in the following manner: The woolen warp threads are strung on the loom and, when the wool is passed across them, either with a shuttle or by hand, it is interlocked between the warp and brought down with a piece of wood. The operation is halted when there is a change in color. The new color is then introduced, the knot tied off, and the wool brought backwards and forwards until one line is completed. At this point, the shuttle is brought down to tighten it in. The design is exactly the same on one side as the other.

The defendant's witness, Mr. Moustapha Avigdor, testified that he is president of the Avigdor Rug Center and has dealt in Oriental rugs, tapestries, and textiles for over 55 years. His testimony establishes that he is an author and lecturer on Oriental rugs. The witness testified that the rugs in question are not Oriental rugs.

Paragraph 1529 (a), *supra*, under which the fringed rugs have been classified, has been held to invade every paragraph of the tariff schedules by virtue of containing the following language: "* * * by whatever name known, and to whatever use applied * * *." *United States v. Snow's United States Sample Express Co.*, 8 Ct. Cust. Appls. 351, T.D. 37611; *Blumenthal & Co. v. United States*, 14 Ct. Cust. Appls. 17, T.D. 41531; *Madame Adele v. United States*, 23 CCPA 305, T.D. 48176; *United States v. C. I. Penn*, 27 CCPA 242, C.A.D. 93; *A. Stein & Co. v. United States*, 28 CCPA 280, C.A.D. 155.

In order for plaintiff to prevail, it must be satisfactorily established that the involved fringed rugs fall within one of the paragraphs of the tariff act excepted from this provision. The claim relied upon by plaintiff under paragraph 1116(a), *supra*, is one of the paragraphs so excepted.

The record herein establishes, without contradiction, that the im-

ported articles are handmade, flat, pileless rugs made of wool. It has been repeatedly held that paragraph 1116 of the Tariff Act of 1930 and its predecessor, paragraph 1116 of the Tariff Act of 1922, do not embrace all wool rugs, not made on power-driven looms, but only rugs which are of the same class or kind as those provided for *eo nomine* therein. *United States* v. *Marshall Field & Co.*, 18 CCPA 228, T.D. 44404; *United States* v. *Marshall Field & Co.*, 18 CCPA 403, T.D. 44642; *New England Guild* v. *United States*, 26 CCPA 42, T.D. 49577; *D. N. & E. Walter & Co. et al.* v. *United States*, 43 CCPA 100, C.A.D. 615.

Plaintiff relies on the decision in *J. E. Bernard & Company, Inc.* v. *United States*, 42 Cust. Ct. 357, Abstract 62986, to support its contention that the rugs involved are "of the same class or kind" as the rugs provided for by name in paragraph 1116 (a).

In that case, the collector classified four handmade wool tapestries as "Fringes and articles wholly or in part of fringes (except wearing apparel)" under the provisions of paragraph 1529 (a), as modified by T.D. 51802. Three of the involved articles had fringes, one did not. The record there established that the imported articles were in fact rugs made of wool and not made on a power-driven loom. They did not have pile and were not Aubusson, Axminster, Oriental, or Savonnerie rugs. The court said that the involved rugs and the Aubusson rug provided for *eo nomine* in paragraph 1116 of the Tariff Act of 1930, as modified by T.D. 51802, were both of needletype construction, having no pile. Accordingly, the rugs were held to be of the same class or kind of at least one of the rugs enumerated.

It appears pertinent at this juncture to consider the applicability of the court's finding in *D. N. & E. Walter & Co. et al.* v. *United States, supra*, relied upon in the *Bernard* case, *supra*, to the case at bar. In the *Walter* case, *supra*, the merchandise consisted of certain handmade wool hooked rugs, each composed of a prewoven backing. The court held the fact that the rugs were formed by hooking yarn with a prewoven backing, whereas all the rugs provided for *eo nomine* in paragraph 1116 (a) were formed by true weaving operations, constituted such a difference as to preclude classification of the involved rugs under paragraph 1116 (a). In the course of its opinion, the court observed:

In rejecting appellants' contention that its rugs should be classified under paragraph 1116 (a), *supra*, the Customs Court applied the doctrine of *ejusdem generis*, and held that such rugs were not of the class or kind as those *eo nomine* provided for in that paragraph, namely, Oriental, Axminster, Savonnerie, and Aubusson. It is, therefore, necessary to consider how the latter rugs are made.

Oriental rugs, as described in the testimony, are usually made by stringing warp threads between two beams or rollers, twisting short pieces of wool of predetermined colors around the warp threads in a transverse row, inserting a weft thread, packing down that thread and wool pieces, then repeating the process until the rug is completed. The yarns which form the pile, it is to be noted, are inserted during the weaving of the warp and weft threads.

There are also some forms of Oriental rugs which do not include a pile but are produced by a flat weaving of wool yarns.

According to the witnesses, Savonnerie rugs and Axminster rugs, not made on a power-driven loom, are produced in a manner similar to Oriental rugs, the warp threads being fixed on spaced beams and alternate weft threads and layers of pile tufts being put in place during the weaving operation.

Aubusson rugs are described as being produced by a flat weaving of yarns without pile tufts.

In the instant case, the rugs have been described as Kilim rugs. According to the definition set forth in The New International Encyclopædia (1920), volume 20, at page 211—"Oriental rugs is the term used to describe rugs made in the Orient * * *. Most of these rugs have a velvet pile, but Kelims are woven like tapestry * * *." The record fails to disclose any evidence that the merchandise involved is, in truth and in fact, Kilim rugs. Defendant's witness testified he would not sell the involved rugs as Oriental rugs as the technique, color, and design would indicate they were not made in the Orient.

The record establishes that the imported rugs, described as Kilim, both the unfringed and fringed styles, are handwoven wool rugs, without pile, and on the order of tapestry. Based upon the foregoing, it is apparent they do not fall within the descriptions of Axminster or Savonnerie rugs, nor are they within the same class or kind.

We are persuaded that the record in the instant case warrants the finding of a conclusion different from that of this court in the *Bernard* case, *supra*. In that case, the involved rugs and the Aubusson rug provided for *eo nomine* in paragraph 1116(a), *supra*, were both of needletype construction, having no pile. It has not been established by this record that the involved rugs are needletype Aubusson rugs. Nor is there any evidence in the record to establish that the involved rugs possess such degree of similarity to Aubusson type rugs of other than needletype construction as would indicate they are of the same class or kind within the rule of the cited cases interpreting paragraph 1116(a) of said act.

From the evidence presented, this court is unable to find the merchandise in issue to be of the same class or kind of any of the rugs enumerated in paragraph 1116(a) of the Tariff Act of 1930, as modified by T.D. 51802, *supra*.

On the record before us, plaintiff has failed to overcome the presumption attaching to the collector's classification. The protests are, therefore, overruled and judgment will be rendered accordingly.