(C. D. 522)

BULLOCKS, INC., *v.* UNITED STATES

United States Customs Court, Second Division

(Decided July 21, 1941)

*Harper & Harper* (*Abraham Gottfried* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*Richard H. Welsh*, special attorney), for the defendant.

Before TILSON, KINCHELOE, and DALLINGER, Judges

DALLINGER, Judge: This protest, which is addressed to the collector of customs at the port of Los Angeles, Calif., so far as here pertinent reads as follows:

Your action in failing to reliquidate and refund the N. I. R. A. taxes in accordance with the decision of the United States Customs Court of March 13, 1940 sustaining Protest 22155 was and is illegal, null and void. The entry should be referred to the Examiner to determine whether he intended to include all of the taxes in the stipulation. The amount of taxes collected was $266.40. You should have refunded this amount in addition to amount subject to refund by the Court's decision reducing the rate on certain other merchandise from 65% to 50%.

At the hearing, held at Los Angeles on February 24, 1941, before Tilson, Judge, the following record was made:

Mr. GOTTFRIED. If Your Honor please, this is a protest against the reliquidation on the part of the Collector of Customs. The decision on the original liquidation is reported in Abstract 43373. The merchandise therein stipulated consisted of certain rugs which had been assessed with N. I. R. A. fee, and this

fee was declared unconstitutional, and as a result of that the Court had directed the refund of such fees, and in this particular instance a stipulation was entered into between counsel of the Plaintiff and the Defendant, stipulating that the merchandise the subject of the form of protest was similar in all material respects as that contained in the decided case, wherein the Court held the fee should be refunded as it was collected illegally. As the Court is aware, the requirement of the Assistant Attorney General's office is that the examiner mark the invoice showing the items which are to be covered by the stipulation. In this particular instance there were a number of tissue sheets on the invoice involving the N. I. R. A. fee, and the examiner, G. R. Gulick, marked the invoice at our request, to show the merchandise which had been subjected to that fee. In so marking the invoice he inadvertently skipped one page of these tissue sheets.

We offer to stipulate at this time that it was his intention at the time he marked the invoice, that the merchandise which was not marked with the letter "a," "G. R. G.," was intended to be marked, and was intended to be subject to that stipulation which had been previously submitted, and subject to the decision which the Court rendered.

Mr. WELSH. I agree that the matter has been discussed with Mr. Gulick, and he has stated it was purely an oversight, and that the stipulation was intended to cover the page referred to by Mr. Gottfried.

Mr. GOTTFRIED. I may call the attention of the Court also to the fact that the pages preceding and subsequent were also marked, and also in the course of discussion at that docket, the examiner inadvertently marked this page, and which we requested him to strike out. I call that to the Court's attention so that there should be no confusion about it. I also understand from the examiner, that this type of merchandise, having been made out of second-hand cotton, was never subject to the N. I. R. A. fee, so regardless of its constitutionality, the merchandise should never have been subject to the fee.

In support of our contention, I now cite Abstract 39359, wherein a similar situation existed, and the Court directed relief on the protest against the reliquidation.

Plaintiff rests.

Mr. WELSH. I might state that the Government requests no briefs, because it is purely a question of whether the Court considers they have the authority now to redecide that issue, because clearly the Collector followed the mandate of the Court when he reliquidated the original protest.

The particular act of the collector against which the instant protest has been lodged involves suit 841968–G which was decided March 13, 1940, in *Bullocks, Inc.* v. *United States*, Abstract 43373, a case which was submitted on the following stipulation:

It is hereby stipulated by and between counsel for the respective parties, subject to the approval of the Court:

(1) That the fees assessed on the rugs covered by the protest enumerated above, and represented by the items marked "A" on the invoice, and checked by GRG GR Gulick were assessed under the authority of the Presidential Proclamation published in T. D. 47113 and are of the same character as the fees or duties involved in *Akawo* v. *United States*, T. D. 48067, *Friedberg* v. *United States*, Abstract 33086, and *Nippon Trading Co.* v. *United States*, Abstract 33087, and therein held to have been illegally exacted.

(2) That the merchandise, animal figures, silver plated, covered by the protest enumerated above, and represented by the items marked "B" on the invoice, and checked by GRG GR Gulick assessed with duty at the rate of 65 per centum ad valorem under paragraph 397, Tariff Act of 1930 as articles in chief value of

base metal, silver plated, is the same in all material respects as the merchandise passed upon in the case of *Woolworth* v. *United States*, C. A. D. 20, and therein held dutiable at the rate of 50 per centum ad valorem under paragraph 339 of the Tariff Act of 1930.

(3) It is further stipulated and agreed that the records in *Akawo* v. *United States*, T. D. 48067, *Friedberg* v. *United States*, Abstract 33086, *Nippon Trading Co.* v. *United States*, Abstract 33087 and *Woolworth* v. *United States*, C. A. D. 20 may be incorporated in the record in this case, *and the protest be deemed submitted on the stipulation, the protest being limited to the items marked "A" and "B" and abandoned as to all other claims.*

(4) That the right to further amend and the first docket call are hereby waived.

(5) That the protest be submitted upon this stipulation without further hearing or argument.   [Last italics in paragraph (3) ours.]

The judgment of this court based upon said stipulation of fact, so far as here pertinent, reads as follows:

It is hereby ordered, adjudged and decreed: That the following claims of the plaintiff are sustained:

1. That the rugs represented by items marked "A" and checked "GRG" by G. R. Gulick on the invoice accompanying the entry covered by this suit, are not subject to the fee of 20 per centum ad valorem imposed thereon by the collector.

2. That the animal figures represented by items marked "B" and checked GRG by G. R. Gulick on said invoices, and which were assessed with duty at the rate of 65 per centum ad valorem under paragraph 397 of the Tariff Act of 1930, are properly dutiable at the rate of 50 per centum ad valorem under paragraph 339 of said act as household utensils plated with silver.

The collector of customs at the port of Los Angeles will reliquidate the entry accordingly.

From the above it is evident that the collector strictly complied with the mandate of this court the scope of which was limited to merchandise represented by specific items marked as aforesaid on the invoice.   Hence, no valid protest may be sustained by this court against the collector for noncompliance with its mandate.   It is indeed unfortunate that the examiner neglected to mark all of the items which he may have intended to mark.   But this court possesses no equity jurisdiction giving it authority to remedy such an omission on the part of a customs official.

In his statement to the court counsel for the plaintiff herein relies upon the decision of this court in *Bullocks, Inc.* v. *United States*, decided September 15, 1938, and published in Abstract 39359, 1 Cust. 397.   But an examination of the papers in that case discloses a different state of facts than is here presented.   There, the protest, which was addressed to the collector of customs at the port of Los Angeles, so far as here pertinent, reads as follows:

All the merchandise on the invoice should have been reliquidated at 35% under par. 1413, by virtue of the court's decision dated 1/22/34 on Protest 557285–G/12623.   The red X on the invoice refers to all the merchandise.

In its decision in the last-cited case this court said:

SULLIVAN, Judge.   On January 22, 1934, this court rendered its decision on a certain protest filed by the plaintiff herein.   (Protest 557285–G, *Bullocks, Inc.* v.

*United States*, Abstract 26690, 65 Treas. Dec. 1228.) Our decision was favorable to the plaintiff, and held that certain merchandise covered by said protest, marked with an X in red pencil on the invoice, consisting of candy containers chiefly used as such, and not chiefly used for the amusement of children, being in chief value of paper, was properly dutiable, as claimed, at 35 per centum ad valorem under paragraph 1413, Tariff Act of 1930, rather than as toys at 70 per centum ad valorem under paragraph 1513 of the same act.

This protest, 897166–G, has reference to the same invoice and merchandise. The plaintiff's claim therein reads as follows:

All the merchandise on the invoice should have been reliquidated at 35% under par. 1413, by virtue of the court's decision dated 1/22/34 on Protest 557285–G/12623. The red X on the invoice refers to all the merchandise.

An examination of the invoice discloses seven items of merchandise, consisting of figures of hares and chickens, all classified as toys at 70 per centum under paragraph 1513. At the head of the list of items and opposite the first item is a red X.

At the trial of the present protest plaintiff's counsel stated his contention as follows:

It is our contention that the examiner, in putting "X" in red at the head of the list of articles meant to include all of those articles. The collector only liquidated as to the one line of merchandise.

Mr. Clay A. Groves testified on behalf of the plaintiff that he was the examiner who passed upon the invoice in question; that all the merchandise appearing on the page of the invoice on which there is an "X" is of the same nature; that he placed the "X" on the invoice, and intended it to cover "all the items shown on the invoice"; that all of the items on the invoice are in chief value of the same material as the first line.

Plaintiff's witness John C. Townsend testified he is "deputy collector in charge of the liquidating division," and that the entry was reliquidated following the court's decision only as to the first line of merchandise shown on the invoice.

Government counsel was present at the trial and did not cross-examine the witnesses.

It is evident from the foregoing that on the original reliquidation a mistake was made, and that the first item only was reliquidated following the court's decision, at 35 per centum ad valorem under paragraph 1413; and that the other six items should have been reliquidated at the same rate under the same paragraph.

We therefore hold that in addition to the first item on the invoice, No. 1197, which the collector reliquidated at 35 per centum under paragraph 1413, the other six items on the invoice, viz, Nos. 1228, 1170, 1171, 1229, 1232/1, and 1232/2, are dutiable at the same rate under the same paragraph, viz, 35 per centum ad valorem under paragraph 1413, Tariff Act of 1930.

The protest is sustained.

Judgment for plaintiff accordingly.

It would appear from the above that the collector in the last-cited case did not follow the judgment of this court, which, as already stated, clearly distinguishes that case from the instant suit.

Upon all the facts and the law applicable thereto it follows that the present protest must be and the same hereby is overruled on the ground that it raises no cause of action.

Judgment will be rendered accordingly.