HENRY WEDEMEYER *v.* UNITED STATES

No. 7854.
Entry No. 722446, etc.

(Decided July 31, 1950)

*Frederick E. Klein; Jack L. Rappaport*, associate counsel; for the plaintiff.
*David N. Edelstein*, Assistant Attorney General (*Daniel I. Auster*, special attorney), for the defendant.

OLIVER, Chief Judge: The appeals for reappraisement listed in schedule "A," hereto attached and made a part hereof, involve the proper value of certain silver-plated cigarette lighters exported from Mexico and entered at the port of New York. The lighters in question were exported between February 15, 1945, and June 13, 1945.

The purchase price of 3 Mexican pesos each, as shown on the invoices, was used as the basis for the calculation of the entry, certain additions or deductions having been made to arrive at the entered values. Appraisement was made at 6.50 Mexican pesos each, plus 0.88 per centum, plus containers and packing in all instances except that in reappraisements 165150-A, 165151-A, and 165152-A appraisement was made at 6.50 Mexican pesos each, plus 3.3 per centum, plus packing and containers, on the basis of export value.

The plaintiff contends that the entered values represent the proper values and further claims that allowances should be made for alleged defective, worthless, or unmerchantable lighters. The defendant, on the other hand, maintains that the importer has failed to establish that the entered values or any other values less than the appraised values represent either the foreign or export values in accordance with section 402, Tariff Act of 1930, and further contends that the proper values are the appraised values.

The record consists of the oral testimony of several witnesses, samples of silver-plated lighters, and documentary exhibits containing information with respect to the valuation of lighters made by this and other manufacturers in Mexico. All of this evidence has been carefully considered in the determination of the value of the imported cigarette lighters herein.

The importer testified that he contracted for the purchase of 100,000 lighters at a price of 3 Mexican pesos each (plaintiff's exhibit 2) with a manufacturer, Encendedores de Latón Plateados, referred to herein as Padilla. This quantity was later increased to 200,000, of which 30,500 were delivered. The importer paid for these lighters by forwarding certain sums of money to one Leff, his agent in Mexico. The plaintiff further testified that the contract in evidence (plaintiff's exhibit 2) did not represent the entire contract between himself, Leff, and the manufacturer (R. 117) since there was no reference therein to advance payments made by him. A ledger account of the importer (defendant's exhibit 9) indicates a payment to Leff of $10,000 over and above the consular invoice value of the imported lighters (R. 122). The witness explained that this amount was not indicated on the invoices because the invoice values took care of only the foreign invoice prices, whereas the payments to Leff included, in addition to the manufacturer's price, Leff's commission and expenses (R. 138).

He later testified there was a credit balance to him for which he had not received any merchandise (R. 219).

The examiner testified that in connection with his valuation report to the appraiser he considered information received by him concerning importations of Mexican silver-plated lighters imported at the ports of Chicago, Laredo, Brownsville, and Omaha. He testified that his report of value was influenced particularly by the facts involved in an importation of 100 silver-plated lighters at the port of Omaha, Nebr., which were manufactured by one Cyrnhos, another manufacturer of silver-plated lighters in Mexico (defendant's exhibit 24). The purchase price of such Omaha importation was at a unit price of 6.50 Mexican pesos each, which corresponds to the appraised values herein. He stated that the difference in quantities between the lighters involved in Wedemeyer's purchase and those involved in the Omaha importation did not affect the valuation for customs purposes. The witness stated he rejected the evidence referring to sales and prices of still other manufacturers in Mexico at either 5 or 5.50 Mexican pesos (exhibits 29 and 30) because those prices related to sales in the home market whereas he found a higher export value. The purchase price of 3 Mexican pesos involved in a shipment of lighters imported at Brownsville, Tex. (exhibit 28), was not accepted by him because the buyer there had contracted to purchase the entire output of the manufacturer there involved (R. 422). He also testified that he reported a valuation of 6.50 Mexican pesos as the export value of "such" merchandise, which he found to be higher than the foreign value for "similar" merchandise.

Our appellate court in *United States* v. *Malhame & Co.*, 19 C. C. P. A. (Customs) 164, 167, T. D. 45276, has set out the measure of duty which devolves upon the plaintiff in a reappraisement proceeding to be as follows:

The issue is not whether the value returned by the appraiser is the proper dutiable value of the merchandise, but whether there is (a) a foreign value or/and (b) an export value, and, if both, which is the higher, and the importer, having been the appealing party in the first instance, it was incumbent upon it "to meet every material issue involved in the case." *Meadows, Wye & Co.* v. *United States, supra.* * * *

Under the rules stated it was incumbent upon the importer in this case, upon its appeal to reappraisement, to show, as in all judicial proceedings, (a) what the foreign value as defined by paragraph (b), *supra*, was, or that there was no such foreign value; and (b) what the export value, if any, as defined by paragraph (c), *supra*, was.

In the determination of the value of this merchandise under section 402 of the Tariff Act of 1930, it is necessary to primarily consider the foreign or export value of "such" and then, secondarily, "similar" merchandise. In this connection, the consideration of the value of "similar" merchandise becomes necessary only if there is no "such"

merchandise. Consideration of the value of "such" merchandise must be exhausted before resorting to the value of "similar" merchandise. *Meadows, Wye & Co. (Inc.) et al.* v. *United States*, 17 C. C. P. A. (Customs) 36, T. D. 43324. Further, the law does not use the words "such" and "similar" synonymously but with different meanings and alternatively. In *United States* v. *Irving Massin & Bros.*, 16 Ct. Cust. Appls. 19, T. D. 42714, the court stated:

* * * foreign value was to be ascertained, first, by "the market value, or the price * * * at which such," or the *identical* merchandise is offered for sale on the foreign markets, as provided by the statute, and, second, in the event that such merchandise is not so offered, then by "the market value or the price," at which *similar* merchandise is so offered. [Italics quoted.]

It is evident from the above quotation that "such" merchandise carries the same meaning as "identical" merchandise.

The record discloses that Padilla, the manufacturer of the lighters in question, produced 10,000 to 12,000 lighters per month, and therefore was in no position to offer and did not offer or sell his merchandise to other purchasers until Wedemeyer's order had been filled (defendant's exhibit 27). This exhibit also shows that Padilla's price of 3 pesos each was dependent upon a purchase of at least 100,000 lighters.

No export value has been proved by Padilla's sales for exportation to the United States since all of his sales during the period involved were confined to one purchaser and the price thereof was contingent upon the purchase of a quantity of at least 100,000 lighters, which has not been proved to be the usual wholesale quantity. A price based on a quantity not shown to be the usual wholesale quantity, the sale of which was confined to a single purchaser, is not acceptable as a proper basis of value. *United States* v. *H. W. Robinson & Co. et al.*, 19 C. C. P. A. 274, T. D. 45436.

The record discloses that Padilla made no sales in the home market and therefore no foreign value could be established by the sale of merchandise manufacturd by Padilla.

Ordinarily, the above determination would dispose of any further consideration of "such" or "identical" merchandise. The rule expressed in *Prudential Lumber Corp. et al.* v. *United States*, 69 Treas. Dec. 1505, Reap. Dec. 3850, was to the effect that "such" or "identical" merchandise connotes counterpart goods manufactured by the same manufacturer, and that goods manufactured by others, even though bearing a very close degree of similarity, may or may not, for customs purposes, be considered "similar" merchandise.

The record discloses that another manufacturer, Cyrnhos, S. de R. L. of Mexico, hereinafter referred to as Cyrnhos, also manufactured silver-plated cigarette lighters (defendant's exhibit 26). A report of a Treasury representative (exhibit 27) indicates that the

imported lighters were manufactured at night by Padilla, the exporter herein, in a factory located at Culhuacan, Ixt., D. F., Mexico, which factory was owned and used by Cyrnhos during the day to also manufacture cigarette lighters.

An official sample of the lighters manufactured by Padilla was introduced in the record as exhibit 22. A sample of a lighter manufactured by Cyrnhos and imported at the port of Omaha, Nebr., is referred to in exhibit 24, *supra*. The record establishes that both of the above-mentioned lighters are of the "Wincher" type and are silver-plated, and it was disclosed that they are of the same size, shape, and mechanism.

The examiner who passed upon the importation herein also had before him a sample of the lighters manufactured by Cyrnhos, imported at Omaha. He arranged to have the two samples microfilmed for comparison purposes. The photograph enlargements thereof were received in evidence as exhibit 25. The Government expert who performed these functions testified that the sample representing the imported lighters and the sample representing the merchandise manufactured by Cyrnhos, were made with the use of the same tool or die.

Based on the foregoing, I find that the lighters manufactured by Padilla and the lighters manufactured by Cyrnhos are "identical" or "such" merchandise.

It therefore becomes pertinent to consider the sales and offers for sale by Cyrnhos, in an effort to determine the foreign or export value for "such" merchandise.

The only evidence of record of a sale by Cyrnhos in the home market was to Mexport, S. A., but the terms or conditions of that sale are not disclosed. Accordingly, such sale is not sufficient to establish a foreign value. *Transatlantic Shipping Co., Inc.* v. *United States,* 28 C. C. P. A. 19, C. A. D. 118.

The record contains no information in reference to any sales by Cyrnhos for exportation to the United States; therefore, there is no basis for any finding of export value based on any sales or offers made by Cyrnhos.

In the case of *Melba B. Rodriguez* v. *United States*, 23 Cust. Ct. 296, Reap. Dec. 7752, it was held that each manufacturer, or original seller, creates the primary market for its merchandise and its sales and offers for sale must be considered to establish value providing all the provisions of section 402 of the Tariff Act of 1930 are met, but when the manufacturer's price does not establish value, it is not improper to consider a resale price providing such price does meet the statutory requirements.

There is evidence in this record that some of the merchandise which Mexport, S. A., had purchased from Cyrnhos at 5 Mexican pesos

·each, had been resold to an American importer at 6.50 Mexican pesos each. This is the only other sale of "such" merchandise indicated in this record. In a Treasury representative's report (defendant's ·exhibit 26) it is stated that the only relationship between Mexport, ·S. A., and this American importer, above referred to, was that of seller .and buyer, and that neither was financially interested in the other; that the merchandise was freely offered to all purchasers for exporta- ·tion to the United States without restriction as to resale or use, at the same price, at the same time; that the principal market for this merchandise was Mexico City; that Mexport, S. A., only sells at wholesale and that the price does not depend on the quantity purchased. This report also states:

* * * that such merchandise was and is freely offered to all purchasers for home consumption at the same price and under the same terms and conditions as when sold for export to the United States.

No sales for home consumption have been made.

I consider the above-mentioned resale transaction by Mexport, S. A., sufficient as a basis for a finding of export value for "such" merchandise, since this one sale meets all the requirements of the statute. *United States* v. *Malhame & Co.*, 19 C. C. P. A. (Customs) 164, T. D. 45276.

In regard to the lighters manufactured and sold by all the other manufacturers referred to in this record, inasmuch as there is no proof that any of the lighters are "such" as or "identical" to the lighters manufactured by Padilla or Cyrnhos, even considering that ·some or all of these other manufacturers may manufacture lighters ·that *might* be "similar" for customs purposes, I find it unnecessary to determine whether or not they *are* "similar," since it has been ·determined that there exists an export value for "such" merchandise ·which is higher than the foreign value of any "such" or possible ·"similar" lighters.

The plaintiff also claims that an allowance should be made for .alleged defective or worthless lighters. The evidence offered on ¯behalf of the importer fails to establish a separate statutory foreign ·or export value for these claimed defective, incomplete, or unmer- ·chantable lighters as of the time of exportation thereof, different ¯than the values found by the appraiser. Actually, whatever evidence there is in the record in this regard, is to the effect that there is no ·distinction in the value between complete and incomplete or defective .lighters.

Furthermore, this court has no equitable jurisdiction. *Bullocks, Inc.* v. *United States*, 7 Cust. Ct. 12, C. D. 522.

On the basis of the record before me I find as matter of fact:

1. That the merchandise in question consists of silver-plated

cigarette lighters manufactured in Mexico by Padilla and imported at the port of New York, N. Y.

2. That Padilla neither sold nor offered for sale silver-plated cigarette lighters to anyone other than to this plaintiff.

3. That another manufacturer, Cyrnhos, manufactured and sold silver-plated cigarette lighters in Mexico.

4. That Cyrnhos sold silver-plated cigarette lighters to Mexport, S. A., but the terms or conditions of that sale were not established.

5. That Mexport, S. A., resold silver-plated cigarette lighters for exportation to the United States at 6.50 Mexican pesos each.

On the basis of this record I make the following conclusions of law:

1. That no foreign or export values have been established by Padilla's sales since they were all confined to the one purchaser.

2. That the silver-plated cigarette lighters manufactured by Cyrnhos are "such" as or "identical" to the silver-plated cigarette lighters manufactured by Padilla.

3. That no foreign or export values have been established by the sales of Cyrnhos since the record only shows the one sale to Mexport, S. A., the terms of which are not disclosed.

4. That when the sales of the manufacturer do not establish statutory value, it is not improper to consider resales of the merchandise for the purpose of finding said value.

5. That Mexport, S. A., resold the merchandise purchased from Cyrnhos, for exportation to the United States at a price of 6.50 Mexican pesos, which was the price at which "such" silver-plated cigarette lighters were freely offered for sale to all purchasers, in the principal markets in the country from which exported, in the usual wholesale quantities and in the ordinary course of trade for exportation to the United States, or for home consumption in Mexico, at the time of exportation herein.

6. That the proper basis for the determination of value for these silver-plated cigarette lighters is export value, as defined in section 402 (d) of the Tariff Act of 1930 for "such" merchandise, and that such value was the value found by the appraiser in each case.

Judgment will be rendered accordingly.