(Reap. Dec. 8296)

LIVINGSTON & Co. *v.* UNITED STATES

Entry No. W 31.

(Decided March 25, 1954)

*William B. O'Connell* for the plaintiff.

*Warren E. Burger*, Assistant Attorney General (*Richard M. Kozinn* and *Samuel D. Spector*, trial attorneys), for the defendant.

OLIVER, Chief Judge: This case concerns the value of certain cigarette lighters which were exported from Mexico in July 1945, and entered at the port of Washington, D. C., the following month. The

articles were invoiced at 3 Mexican pesos each, and were entered at the same unit price, plus tax, plus packing. They were appraised at 6.50 Mexican pesos each, plus tax, plus packing.

It has been agreed between the parties that the proper basis for appraisement of the present merchandise is export value, which is defined in section 402 (d) of the Tariff Act of 1930, as follows:

EXPORT VALUE.—The export value of imported merchandise shall be the market value or the price, at the time of exportation of such merchandise to the United States, at which such or similar merchandise is freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, plus, when not included in such price, the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States.

Plaintiff seeks to support the entered value as correctly representing said statutory export value.

At the outset, it should be emphasized that the statute (28 U. S. C. § 2633) provides that "The value found by the appraiser shall be presumed to be the value of the merchandise," and that "The burden shall rest upon the party who challenges its correctness to prove otherwise."

The burden imposed by the plaintiff in a reappraisement case was set forth in the case of *United States* v. *Malhame & Co.*, 19 C. C. P. A. (Customs) 164, T. D. 45276, as follows:

The issue is not whether the value returned by the appraiser is the proper dutiable value of the merchandise, but whether there is (a) a foreign value or/and (b) an export value, and, if both, which is the higher, and the importer, having been the appealing party in the first instance, it was incumbent upon it "to meet every material issue involved in the case." *Meadows, Wye & Co.* v. *United States, supra.* * * *

Incorporated herein on motion of defendant, and without objection from plaintiff, is the record in the case of *Henry Wedemeyer* v. *United States*, 25 Cust. Ct. 360, Reap. Dec. 7854, affirmed in *Same* v. *Same*, 27 Cust. Ct. 449, Reap. Dec. 8051. There, as here, the merchandise consisted of silver-plated cigarette lighters exported from Mexico. The record therein, as disclosed by the decision of the appellate division, consisted "of 542 typewritten pages and 43 exhibits, the latter consisting of 10 lighters, affidavits, and various other documents." After "a full consideration of the entire record," the court found that the evidence failed "to establish the incorrectness of the values found by the appraiser," and also failed "to establish any other value for the involved merchandise." Accordingly, the proper dutiable export value was held to be "the value found by the appraiser in each case."

Supplementing the said incorporated record, there are before me at this time the oral testimony of Bernard Livingston, a member of the plaintiff company, and also the transcript of a certified statement concerning the entry in question made by the said witness on the "second day of October 1945 in the office of the appraiser of merchandise, Georgetown Customhouse, Washington, D. C." (plaintiff's exhibit 1).

The oral testimony shows that at the time of the witness' purchase of the cigarette lighters in question from a jobber in Mexico City, these articles were selling in the open market at "any price they could get" for them; that the witness "gave an order for ten thousand" at a price of "approximately 55 cents each"; that he received about 1,500; and that, after importation, they were seized by the Government.

The certified statement, exhibit 1, *supra*, was made in question-and-answer form before a customs agent as "Interrogating Officer," and is a detailed explanation of the witness' negotiations that ultimately led to the shipment of the present merchandise. No useful purpose would be served to outline the unusual circumstances, as disclosed therein, relating to the purchase in Mexico and the entry at Washington, D. C., of these cigarette lighters. Suffice it to say that the said statement contains nothing to support the claimed export value of the merchandise in question.

The evidence adduced herein by plaintiff does not warrant any different conclusions from those reached in the *Henry Wedemeyer* case, *supra*. Accordingly, I adhere to the conclusions in the said case and find as facts:

1. That the imported merchandise consists of silver-plated cigarette lighters imported from Mexico and entered at the port of Washington, D. C.

2. That the articles in question were entered at 3 Mexican pesos each, plus tax, plus packing.

3. That appraisement was made on the basis of export value, as defined in section 402 (d), *supra*, at 6.50 Mexican pesos each, plus tax, plus packing.

4. That the evidence before me fails to establish the incorrectness of the value found by the appraiser and also fails to show any other value.

I hold as matter of law:

That the proper basis for appraisement of the cigarette lighters in question is said export value, and that such statutory value is the value found by the appraiser.

Judgment will be rendered accordingly.