(C.D. 2621)

CAJO TRADING, INC. *v.* UNITED STATES

United States Customs Court, First Division

(Decided March 1, 1966)

*Sharp, Solter & Hutchison* (*James R. Sharp* of counsel) for the plaintiff.
*John W. Douglas*, Assistant Attorney General (*Glenn E. Harris*, trial attorney), for the defendant.

Before OLIVER, WILSON, and NICHOLS, Judges

NICHOLS, Judge: This case involves clothespins assessed with duty at 20 cents per gross under paragraph 412 of the Tariff Act of 1930, as prescribed by a Presidential proclamation (No. 3211, 72 Stat., part 2, ch. 14, T.D. 54493) held to be unauthorized by law. *Falcon Sales Company et al.* v. *United States*, 47 Cust. Ct. 129, C.D. 2292, appeal dismissed 49 CCPA 139. Plaintiff failed to protest within 60 days after the liquidation or purported liquidation of the entry, as section 514 of said tariff act seems to require.[1] Having requested a reliquidation after our decision, it protested the refusal of the collector to reliquidate. To sustain its right to obtain review in these circumstances, plaintiff relies on the doctrine announced by our appellate court in *United States* v. *C. O. Mason, Inc., etc.*, 51 CCPA 107, C.A.D. 844, *certiorari* denied, 379 U.S. 999, affirming certain decisions of our third division. That is that a liquidation is "void" if made at a rate prescribed under authority of an unconstitutional statute, and a void liquidation does not start the 60-day period of section 514 running. The collector is declared to be still legally obligated to liquidate and, as he has not done so, the protest is called premature. Still, even this premature protest was apparently effective to enable the court to pronounce upon the substantive issues involved, notwithstanding the attempt of section 514 to limit effective protests to those made after liquidation.

If *Mason* applies to the instant case, the delay in protesting is excused, and, as the invalidity of the proclamation is not now in issue, the *Mason* procedure must be followed. If *Mason* does not apply, the protest came too late and must be dismissed, leaving the liquidation in effect.

In *Mason, supra*, the invalidity was in the order of a Puerto Rican official raising duties on coffee imported into Puerto Rico under an unconstitutional delegation to him by the Commonwealth legislature. Here it is in a proclamation of President Eisenhower restoring 1930 act rates on clothespins when the Tariff Commission, in an escape clause proceeding, had recommended only a quota. We held in *Falcon Sales Company et al.* v. *United States, supra*, following *United States* v. *Schmidt Pritchard & Co., Mangano Cycles Co.*, 47 CCPA 152, C.A.D. 750, *certiorari* denied, 364 U.S. 919, that the President was authorized only to accept or reject Tariff Commission recommendations, not devise new remedies of his own.

---

[1] Section 514 provides that a liquidation, reliquidation, decision of the collector, or his refusal to reliquidate an entry for clerical error shall be final and conclusive upon all persons unless the importer, consignee, or agent "shall, *within sixty days after, but not before* such liquidation, reliquidation, decision, or refusal, as the case may be, * * * file a protest in writing with the collector * * *." [Emphasis supplied.]

The court is unanimously of the opinion that it can suggest no rational distinction, between the situation in *Mason* and the one at bar, sufficient to justify not following it. Therefore, it must be followed. A majority believe it is unnecessary to speculate on the ramifications of the *Mason* rule. I share their distaste for needless dissertation and would, like them, prefer to await the arising of actual cases. However, the situation here is in some ways unusual.

I had no part in framing the *Mason* rule and am not sure I am competent to expound it. Hence, except for the invocation of *stare decisis*, I do not supply herewith the rationalization and generalization appropriate to a judicial opinion and normally considered in determining when that decision is *stare decisis* in new situations.

Evidently, the situation here is another step forward, however short, for the concept of void liquidations. By such easy stages, it could end up with complete or nearly complete occupation of the field of sections 514 and 515, Tariff Act of 1930, so that the provisions limiting valid protests to 60 days after liquidation would be largely superseded, and an importer could obtain the effect of a timely protest no matter when he filed it. If a liquidation based on an unconstitutional statute is void, one founded on an unauthorized Presidential proclamation appears equally so. That is the step we take here. How about a liquidation purportedly based on a nonexistent statute? Or on one that exists, but we hold has no application to the case at bar?

Certainly it seems to me, in the case last supposed, a strong argument can be made that the liquidation was not made "as provided by law." See *Mason, supra,* at page 113. However, it will be readily seen that the sustaining of the importer's protests in most cases when they are sustained, would involve a like holding. It would follow that the dismissal of such a protest as premature would become the most common disposition whenever the claim in the protest is sustained.

I do not think my colleagues will want to go that far when the case arises, though I am unable to anticipate how they will justify not doing so. If my premonitions are correct, what we do today will be invoked by counsel as *stare decisis* for that extension, just as we are invoking it today. Therefore, it may well be that we have already gone far enough to interfere with the normal flow of protests through protest review by the collector, and transmission to this court, which the Congress envisioned. I can see some practical reasons for dispensing with timely protest and protest review in the actual cases of unconstitutional statutes and invalid proclamations, which do not apply in the case I have merely supposed. But these reasons form no part of any existing statement of the void liquidations doctrine. The doctrine needs to be restated to limit it to the cases where the courts

have already applied it and to give assurance that in other cases the wishes of the Congress as expressed in sections 514 and 515 will continue to be respected. The next proposed extension will, I think, make that restatement unavoidable, and I regret the majority is not willing to undertake it here.

For the reasons stated, we hold that the 60-day rule is inapplicable to this case; that the liquidation is defective, the protest premature, and that it is the duty of the collector to make a valid liquidation in accordance with the law. The protest must be dismissed.

Judgment will be entered accordingly.