**BALFOUR, GUTHRIE & CO., Ltd.**

v.

**UNITED STATES.**

**C.D. 4270; Protests 65/16286–25415, etc.**

United States Customs Court,
Third Division.
Sept. 17, 1971.

Glad & Tuttle, San Francisco, Cal. (George R. Tuttle and Hudson F. Edwards, San Francisco, Cal., of counsel), for plaintiff.

L. Patrick Gray, III, Asst. Atty. Gen. (John A. Winters, New York City, trial atty.), for defendant.

Before RICHARDSON and LANDIS, Judges, and ROSENSTEIN, Senior Judge.

ROSENSTEIN, Judge:

The merchandise involved in the five protests herein [1] consists of peanuts exported from the Philippines and entered at Seattle, Washington, in April and May 1955. The collector, in liquidating entries 5543 and 5915 herein on August 13, 1955 and entry 5659 on February 29, 1956, assessed the merchandise with a fee of two cents per pound pursuant to Presidential Proclamation No. 3084, dated March 9, 1955, T.D. 53755.[2] This proclamation was subsequently declared invalid insofar as it imposed a fee in United States v. Best Foods, Inc., 47 CCPA 163, C.A.D. 751 (1960), which, per stipulation (R.6), involved peanuts similar in all material respects to those at bar.

Plaintiff filed the instant protests, not within 60 days after liquidation of the entries in accordance with section 514, Tariff Act of 1930,[3] but seven years

---

1. Plaintiff's request to abandon two cases herein, protests 65/16286 and 65/16287, is granted and they are hereby dismissed.

2. Liquidation of the subject merchandise under Proclamation No. 3084, which defendant disputed at the trial but now concedes in the brief, is indicated on the entry papers, the accompanying Collector's Reports (C.F. 4297), and was confirmed by the testimony of the customs official who was liquidating officer at Seattle at the time of entry (R.13).

By operation of the Philippine Trade Act of 1946, as amended, 22 U.S.C. 1251, the peanuts were admitted free of the customs duty regularly imposed under paragraph 759, Tariff Act of 1930.

3. Section 514 provides that a liquidation, reliquidation, decision of the collector, or his refusal to reliquidate an entry for clerical error shall be final and conclusive upon all persons unless the importer, consignee, or agent "shall, within sixty days after, but not before such liquida-

later on May 13, 1963, seven months after the decision of the trial court in C. O. Mason, Inc. v. United States, 49 Cust.Ct. 89, C.D. 2364 (1962),[4] which held that a liquidation made under authority of a provision of a statute subsequently declared to be unconstitutional is void and is not a final legal liquidation to start the running of the 60-day statute of limitations within the purview of section 514; that a protest filed more than 60 days after such liquidation will be dismissed for prematurity, not lateness; and that the collector will be ordered to make a valid liquidation of the entry.

After the protests were filed, and while pending in this court, Mason was affirmed, United States v. C. O. Mason, Inc., et al., 51 CCPA 107, C.A.D. 844 (1964), certiorari denied, 379 U.S. 999, 85 S.Ct. 718, 13 L.Ed.2d 701 (1965); and the doctrine of void liquidations expounded therein was soon extended to liquidations based on invalid Presidential proclamations in United States v. Cajo Trading, Inc., 403 F.2d 268, 55 CCPA 61, C.A.D. 934 (1968), certiorari denied, 393 U.S. 827, 89 S.Ct. 90, 21 L.Ed.2d 98 (1968), wherein the appellate court, citing *Mason* as *stare decisis* of the issue, held that the liquidation of merchandise under an invalid Presidential proclamation was void; that the protest respecting the subject entry was premature; and that it was the duty of the collector to make a valid liquidation in accordance with the law.[5]

Plaintiff now contends that *Best Foods* and *Cajo* are controlling of the issue raised by its claim that the subject liquidations are void, with all the accompanying legal consequences attendant upon such liquidations and protests directed thereto.

Defendant does not seriously dispute that liquidations under Proclamation No. 3084 are void, but raises the defense of laches on the basis of "plaintiff's unexplained delay of more than seven years after liquidation before asserting its claim" (brief, page 2).

The doctrine of laches, which had its origin in the early English Courts of Chancery, is a defense raised traditionally in equity proceedings. As Mr. Justice Stone stated in Russell v. Todd, 309 U.S. 280, 287, 60 S.Ct. 527, 531, 84 L.Ed. 754 (1940), rehearing denied, 310 U.S. 658, 60 S.Ct. 1091, 84 L.Ed. 1421 (1940):

> From the beginning, equity, in the absence of any statute of limitations made applicable to equity suits, has provided its own rule of limitations through the doctrine of laches, the principle that equity will not aid a plaintiff whose unexcused delay, if the suit were allowed, would be prejudicial to the defendant. * * *

Notwithstanding that the Customs Court has been held to be a court of law and lacking equity jurisdiction, Cummins-Collins Distilleries v. United States, 36 CCPA 88, C.A.D. 403 (1949); Carl Matusek Shipping Co., Inc., Distributors Associates, Inc. v. United States, 51 Cust.

---

tion, reliquidation, decision, or refusal, as the case may be, * * * file a protest in writing with the collector * * *."

4. The identically worded protests read:
   We claim that the liquidation was premature, null and void because based upon Presidential Proclamation No. 3084 which was held in C.A.D. 751 to be null and void. See C.D. 2364.

5. In *Cajo*, spring clothespins were assessed at a rate of duty of 20 cents per gross under paragraph 412, Tariff Act of 1930, as prescribed by Presidential Proclamation No. 3211, dated November 9, 1957, T.D. 54493 (which suspended previously granted Trade Agreement concessions on spring

clothespins providing for a rate of duty of 10 cents per gross and restored the pre-Trade Agreement duty). This proclamation had been declared void in Falcon Sales Company et al. v. United States, 47 Cust.Ct. 129, C.D. 2292, 199 F.Supp. 97 (1961), appeal dismissed, 49 CCPA 139 (1962).

The court of appeals concurred in the conclusion of the trial court (Cajo Trading, Inc. v. United States, 56 Cust.Ct. 143, 145, C.D. 2621 (1966)), that—
   If a liquidation based on an unconstitutional statute is void, one founded on an unauthorized Presidential proclamation appears equally so. * * *

Ct. 8, C.D. 2406 (1963); Hoenig Plywood Corp., Williams Clarke Co. v. United States, 41 Cust.Ct. 607, A.R.D. 91 (1958); Henry Wedemeyer v. United States, 25 Cust.Ct. 360, R.D. 7854 (1950), affirmed Id. v. Id., 27 Cust.Ct. 449, R.D. 8051 (1951); Bullocks, Inc. v. United States, 7 Cust.Ct. 12, C.D. 522 (1941); A. Jimeno et al. v. United States, 2 Cust. Ct. 58, C.D. 87 (1939), laches, if timely raised, has been recognized as an appropriate defense to proceedings in this court. Raphael Weill & Co. v. United States, 21 CCPA 152, T.D. 46479 (1933); United States v. Chas. J. Webb Sons Co. (Inc.), 16 Ct.Cust.App. 156, T.D. 42790 (1928); Dunlop Bros. & Hague & Co. v. United States, 4 Ct.Cust.App. 231, T.D. 33475 (1913); Olavarria & Co., Inc. v. United States, 40 Cust.Ct. 377, C.D. 2008 (1958), affirmed on other grounds, Id. v. Id., 47 CCPA 65, C.A.D. 729 (1960).

Although it is clear that this court under the present statutes cannot give equitable relief (and we find no decision which explores the basis for applying the doctrine of laches in a proceeding herein), we are not troubled by any seeming inconsistency; for, howsoever it be termed, the redress of stale and aging claims not governed by a statute of limitations will be barred in this court under circumstances showing inexcusable and unreasonable delay in asserting them, and injury to the party against whom they are asserted.

Undoubtedly, the nature and extent of equitable defenses which may be raised in customs litigation warrant further consideration, but not in this case, as, under the facts of record, we find that laches is not available as a defense to plaintiff's claim.

The government has pitched its argument solely on the seven year interval between the liquidations and the protest filings. But laches does not turn upon the number of years elapsing Galliher v. Cadwell, 145 U.S. 368, 12 S.Ct. 873, 36 L.Ed. 738 (1892); Sobosle v. United States Steel Corporation, 359 F. 2d 7, (3 Cir. 1966); Southern Pacific Company v. Bogert, 250 U.S. 483, 39 S. Ct. 533, 63 L.Ed. 1099 (1919). There are two elements necessary to recognition of this defense: proof of (1) lack of diligence by the party against whom it is asserted,[6] and (2) prejudice to the party asserting the defense. Costello v. United States, 365 U.S. 265, 81 S.Ct. 534, 5 L.Ed.2d 551 (1961); Czaplicki v. The Hoegh Silvercloud, 351 U.S. 525, 76 S.Ct. 946, 100 L.Ed. 1387 (1956); Gardner v. Panama Railroad Co., 342 U.S. 29, 72 S.Ct. 12, 96 L.Ed. 31 (1951); Holmberg v. Armbrecht, 327 U.S. 392, 66 S.Ct. 582, 90 L.Ed. 743 (1946); Galliher v. Cadwell, supra; Detling v. United States, 432 F.2d 462 (Ct.Cl., 1970); Sobosle v. United States Steel Corporation, supra; Loverich v. Warner Co., 118 F.2d 690 (3rd Cir., 1941), certiorari denied, 313 U.S. 577, 61 S.Ct. 1104, 85 L.Ed. 1535 (1941).

Thus "where there has been no inexcusable delay in seeking a remedy and where no prejudice to the defendant has ensued from the mere passage of time, there should be no bar to relief." Gardner v. Panama Railroad Co., supra.

We find that neither element is present here. It was not finally determined until 1968, in Cajo, that a party could successfully challenge a liquidation based on an invalid proclamation in a protest filed more than 60 days after that liquidation.[7] But, plaintiff, alert to the

---

6. Of course, the element of unreasonable delay requires that the party to whom laches is imputed has *knowledge* of his rights. Galliher v. Cadwell, *supra*; Sobosle v. United States Steel Corporation, *supra*.

7. The entry in *Cajo* was liquidated March 13, 1958; *Falcon Sales, supra* (which declared void the proclamation under which

the *Cajo* merchandise was assessed), was decided October 18, 1961, appeal dismissed, July 11, 1962. In January 1963, the importer requested the collector to liquidate the entry therein (on the grounds that it was void in view of *Falcon Sales*); the collector refused, in a decision dated February 12, 1963; and a protest was filed therefrom on April 5, 1963.

ramifications of the *Mason* decision, had filed the instant protests five years previously in 1963, seven months after the latter was promulgated. Certainly, the very earliest at which plaintiff might have been charged with notice of its rights herein would have been the date *Mason* was published in the Customs Bulletin.

Under these circumstances, the filing of the protests in 1963 does not constitute unreasonable delay.

■ With respect to the second element of laches (although failure to establish either one would defeat its applicability), defendant has not, at the trial or in the brief, made a showing, much less a claim, of prejudice or hardship by reason of the asserted delay in filing these protests.[8]

■ We also find defendant's claim of "lack of due diligence" (brief, 5) in prosecuting the instant protests somewhat disingenuous. Defendant does not indicate that it ever objected to the continuances herein; that it moved to dismiss the cases for failure to prosecute or noticed them for trial; or that it did aught other than acquiesce in their remaining on the court calendar. Furthermore, the official court files indicate that, from 1965 to 1969, these protests were suspended, first, under protest

64/7186 (Norman G. Jensen, Inc.), abandoned April 1966, and then under *Cajo*.

Defendant notes that *Cajo* was initiated by a protest directed against the collector's refusal to "liquidate", not, as in *Mason* and the instant case, against the original liquidation.[9] "Hence", defendant states (brief page 6), "the defense of laches was not raised therein by the Government." Presumably, then, if plaintiff had taken similar action with respect to the liquidations at bar, and had filed a "timely" protest against the "decision," i. e., refusal, of the collector to liquidate the entries, the defense of laches would not have been raised.

Confessedly, we are at a loss to understand such convoluted reasoning which, putting form above substance, does not perceive that, if laches can be established, it will serve as a bar to a stale claim regardless of the route taken to institute the suit.

■ For the reasons stated,[10] we find and hold that plaintiff's claim is not barred by laches; that the liquidations are void and the protests premature; and that it is the duty of the collector to make valid liquidations of the instant entries in accordance with the law. The protests are dismissed.

Judgment will be entered accordingly.

8. Our appeals court, in *Mason*, found no merit in the Government's contentions that customs officials would, contrary to law, be required to retain records and documents indefinitely if a liquidation based on an unconstitutional statute could be opened by late protest. Nor did it find that the destruction of liquidation records would work any hardship on the Government.

9. The distinction between the two methods employed in raising the issue of void liquidations, although not mentioned in the

majority opinion in *Cajo*, was emphasized by Judge Rich, who stated in his concurring opinion that protests directed against the refusal to liquidate are not within the jurisdiction of the Customs Court, citing 28 U.S.C. 1583, and that he would dismiss the case as without jurisdictional foundation.

10. The parties' motions to incorporate the records in three other cases herein are denied as immaterial to resolution of the issue.